(932 P.2d 1050)
No. 75,335

JAMES BEISEL, *Claimant*, v. THE BOEING COMPANY and AETNA CASUALTY & SURETY COMPANY, *Respondent and Insurance Carrier/Appellants*, v. WORKERS COMPENSATION FUND, *Appellee*.

Opinion filed February 28, 1997.

*Frederick L. Haag* and *Stephen M. Kerwick*, of Foulston & Siefkin, L.L.P., of Wichita, for the appellants.

*Kendall R. Cunningham*, of Gilliland & Hayes, P.A., of Wichita, for the appellee.

Before LEWIS, P.J., KNUDSON, J. and JOHN J. BUKATY, JR., District Judge, assigned.

LEWIS, J.: Claimant was an employee of the Boeing Company (Boeing) when he suffered certain work-related injuries. Claimant instituted workers compensation proceedings to recover benefits due to him as a result of these injuries. The parties stipulated to an award in favor of claimant, which decided all of the issues insofar

as claimant was concerned. Claimant, as a result, is not a party to this appeal and is no longer interested in the outcome of this action.

One byproduct of the workers compensation action was that Boeing and its insurance carrier, Aetna Casualty & Surety Company, who are the appellants, paid for claimant's medical treatment, including bills incurred for various pain medications. The issue being litigated is whether the Workers Compensation Fund (Fund) must reimburse appellants for the medications for which they paid.

During the time claimant was being treated by Dr. H. Richard Kuhns, it appears that he began to abuse certain pain medications. Based on the opinions of Dr. Earnest R. Schlachter and Dr. Kenneth D. Zimmerman, appellants argued that a significant amount of narcotic pain medications taken by claimant and paid for by appellants were medically unnecessary. After hearing the evidence on this issue, the Administrative Law Judge (ALJ) held that all narcotic medications prescribed for claimant after August 25, 1992, were unnecessary and that the Fund was liable to reimburse the employer and its insurance carrier for the cost of the unnecessary medications.

The Fund appealed this order to the Workers Compensation Board (Board). It is our understanding that the Fund contends that even if some of the medications paid for were unnecessary, substantial fault for this rests with appellants and, accordingly, the Fund should not be responsible. At the time the appeal was taken to the Board, apparently no exact figure as to the amount paid for unnecessary medications had been determined. Although the ALJ determined that all medications prescribed after August 25, 1992, were unnecessary, the amount of reimbursement remains an issue on appeal, and the Fund is of the opinion that the finding by the ALJ was erroneous.

The parties were not permitted to litigate the merits of the reimbursement issue. The Board cut the process short by holding:

"The Appeals Board agrees that K.S.A. 44-534a provides authority for requiring the Workers Compensation Fund to reimburse respondent for medical expenses on a claim found not to be compensable. The Appeals Board does not agree, however, that the same provisions authorize retrospective utilization review re-

lating to the specific medications, procedures or other specific treatment recommended. Utilization review shall be accomplished according to procedures established in accordance with K.S.A. 44-510. The treatment in this case was from an authorized treating physician for a compensable injury. The Appeals Board does not consider K.S.A. 44-534a(2)(b) [*sic*] to provide authority for ordering the Kansas Workers Compensation Fund to reimburse these expenses.".

The effect of this ruling by the Board was to terminate the litigation over the unnecessary medications without ever reaching the merits. The Board decided that appellant should have followed K.S.A. 44-510 instead of K.S.A. 44-534a(b), which the Board concluded did not provide any authority for ordering the Fund to pay the expenses in question. On appeal, appellants argue that 44-534a was the proper statute to be followed in seeking reimbursement of unnecessary medical expenses. There is no issue on appeal as to whether certain medications prescribed by Dr. Kuhns were unnecessary. It is conceded by the parties that certain medications may have been medically unnecessary and unreasonable. The question we must resolve is whether the Board was correct in deciding that 44-534a did not provide authority for ordering the Fund to reimburse the expenses in question. A corollary to this issue is whether the Board was correct in determining that relief was available under 44-510. In essence, the only issue we deal with on appeal is what procedure was available to appellants to recover unnecessary medical payments. The exact amount of any such recovery is, as of yet, undetermined.

## K.S.A. 44-534a

The procedure followed by appellants is that provided by K.S.A. 44-534a. The Board held this statute did not apply and that it provided no authority for ordering the Fund to reimburse appellants. It was the opinion of the Board that appellants should have sought their recovery through the peer review procedures provided by K.S.A. 44-510.

We begin our analysis with the proposition that under the Workers Compensation Act, it is the duty of the employer to provide an injured worker with the services of a health care provider. K.S.A. 44-510(a).

Under the system established, the health care provider bills the employer and its insurance carrier for the medical costs of caring for and treating an injured employee. The employer pays those expenses, sometimes voluntarily and sometimes pursuant to an award. The Act provides no effective method of litigating the question of whether the medical expenses being billed and paid are necessary and reasonable until after the claim has been disposed of. This is obviously designed to assure that in the first instance treatment for an injured worker takes priority while the claim is in progress.

K.S.A. 44-534a(b) provides:

"*If compensation in the form of medical benefits* or temporary total disability benefits *has been paid by the employer or the employer's insurance carrier either voluntarily or pursuant to an award entered under this section* or pursuant to an interlocutory order entered by a benefit review officer under K.S.A. 44-5,114 and amendments thereto and, *upon a full hearing on the claim, the amount of compensation to which the employee is entitled is found to be less than the amount of compensation paid or is totally disallowed, the employer and the employer's insurance carrier shall be reimbursed from the workers compensation fund established in K.S.A. 44-566a and amendments thereto, for all amounts of compensation so paid which are in excess of the amount of compensation the employee is entitled to as determined in the full hearing on the claim.* The director shall determine the amount of compensation paid by the employer or insurance carrier which is to be reimbursed under this subsection, and the director shall certify to the commissioner of insurance the amount so determined. Upon receipt of such certification, the commissioner of insurance shall cause payment to be made to the employer or the employer's insurance carrier in accordance therewith." (Emphasis added.)

As we read the statute, it requires the Fund to reimburse an employer and its insurance carrier for all amounts of compensation paid "in excess of the amount of compensation the employee is entitled to as determined in the full hearing on the claim." The statute further specifically states that the compensation in question may be "in the form of medical benefits." As we read the statute, it clearly provides to appellants the remedy they sought and were entitled to once the ALJ determined that all narcotic medications after August 25, 1992, were unreasonable. It would seem to require no explanation that unnecessary, unreasonable medical treatments represent compensation under 44-534a to which the claimant was

not entitled. Since that compensation had already been paid either to or on behalf of claimant, the statute provides that the Fund shall reimburse the employer and its insurance carrier for any medical compensation deemed to be unnecessary or unreasonable.

Although the Board was not specific, we can only assume that it must have decided that the procedures under K.S.A. 44-510 were more specific and, therefore, those procedures took precedence over the remedy provided by 44-534a.

This is a question of statutory interpretation over which we have unlimited review. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995). We also recognize that an agency ruling within its area of expertise is entitled to some deference. *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, 246, 834 P.2d 368 (1992). "However, if the reviewing court finds that the administrative body's interpretation of a question of law is erroneous as a matter of law, the court should take corrective steps." *Hixon v. Lario Enterprises, Inc.*, 257 Kan. 377, 379, 892 P.2d 507 (1995). We conclude that the Board's interpretation of the law was erroneous as a matter of law, and we reverse its decision.

We hold that 44-534a(b) provides a vehicle under which an employer and its insurance carrier may seek reimbursement from the Fund for medical expenses paid on behalf of claimant which have been held to have been unreasonable or unnecessary at the full hearing on the claim.

Our decision is that the remedy provided by 44-534a is one to which appellants were entitled. We are not deciding whether the remedy provided by 44-534a is or could be supplanted by 44-510 because that issue is not before us.

### K.S.A. 44-510

The Board concluded that in this case appellants should have pursued "utilization review" in accordance with K.S.A. 44-510.

The following sections of 44-510 deal with peer and utilization review and would appear to be relevant to the matter under discussion.

K.S.A. 44-510(a) states in part:

"(6) The director shall have jurisdiction to hear and determine all disputes as to such charges [for medical treatment] and interest due thereon and shall prescribe procedural rules to be followed by the parties to such disputes.

"(7) If the director finds, after utilization review and peer review, that a provider or facility has made excessive charges or provided or ordered unjustified treatment, services, hospitalization or visits, the provider or facility shall not receive payment pursuant to this section from an insurance carrier, employer or employee for the excessive fees or unjustified treatment, services, hospitalization or visits and such provider or facility shall repay any fees or charges collected therefor.

"(8) Not later than December 31, 1993, the director shall develop and implement, or contract with a qualified entity to develop and implement, utilization review and peer review procedures relating to the services rendered by providers and facilities, which services are paid for in whole or in part pursuant to the workers compensation act. The director may contract with one or more private foundations or organizations to provide utilization review, as appropriate, of entities providing health care services or vocational rehabilitation services, or both, pursuant to the workers compensation act."

## K.S.A. 44-508 states in part:

"(m) 'Utilization review' means the initial evaluation of appropriateness in terms of both the level and the quality of health care and health services provided a patient, based on accepted standards of the health care profession involved. Such evaluation is accomplished by means of a system which identifies the utilization of health care services above the usual range of utilization for such services, which is based on accepted standards of the health care profession involved, and which refers instances of possible inappropriate utilization to the director for referral to a peer review committee.

"(n) 'Peer review' means an evaluation by a peer review committee of the appropriateness, quality and cost of health care and health services provided a patient, which is based on accepted standards of the health care profession involved and which is conducted in conjunction with utilization review.

"(o) 'Peer review committee' means a committee composed of health care providers licensed to practice the same health care profession as the health care provider who rendered the health care services being reviewed."

We agree that these portions of K.S.A. 44-510 and 44-508 appear to have more specific application to the reimbursement question presented on this appeal. From that vantage point, they may very well become controlling over the remedy provided by K.S.A. 44-534a(b) in cases of this nature. "General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail

unless it appears the legislature intended to make the general statute controlling." *Kansas Racing Management, Inc. v. Kansas Racing Comm'n*, 244 Kan. 343, 353, 770 P.2d 423 (1989).

A casual reading of 44-534a indicates that it is the more general of the statutes. It applies to any excess compensation paid and provides a remedy for reimbursement. It would not only apply to medical benefits paid but also to temporary total disability benefits paid. K.S.A. 44-510(a)(7), on the other hand, specifically applies to excessive or unjustified medical treatment or services. It does not simply require Fund reimbursement but provides that the provider of the unnecessary medical services shall be involved in the review and shall be required to repay any fees or charges which he, she, or it collected for medical treatment deemed to be unnecessary or unreasonable.

While it appears that 44-510 may be the more specific procedure, that procedure is not available at the present time. The Director of Workers Compensation was charged by the legislature with prescribing "procedural rules to be followed by the parties to such disputes." K.S.A. 44-510(a)(6). As near as we can tell, the Director has not done so. We have searched rather diligently and have been unable to find such "procedural rules," if those, in fact, exist.

K.S.A. 44-510(a)(8) requires the Director to develop and implement utilization and peer review procedures "[n]ot later than December 31, 1993." We do not know whether the Director has done so. What we do know is that we can find no such procedures, and counsel for both parties to this appeal advised us that they are unaware of any such procedures having been developed by the Director.

We conclude that until such time as the Director has complied with the charge made upon him by the legislature, the peer review procedures in 44-510 will remain inactive and ineffective.

At the present time, an attempt to use 44-510 as a vehicle for reimbursement of unnecessary medical expenses paid is a bit like taking a street that dead ends on 5th Street in an attempt to get to 6th Street. The fact is, there just is no way to get there from here.

The outline of the procedures by 44-510 appear tempting, but there is no way to access them.

It is apparent to us that the legislature did not intend for the procedures set forth in 44-510 to become effective until the Director developed peer and utilization review procedures as required by 44-510(a)(8). As we have pointed out, to the best of our knowledge, this has not happened. There are no procedures of which we are aware whereby a party can make use of the peer utilization review process. Until such procedures are developed and published, that statute is in a state of limbo and will remain quiescent and ineffective. We hold that the Board erred in directing appellants to utilize a procedure which is not currently available.

In summary, we have an employer and its insurance carrier who appear to have the absolute right to be reimbursed for unnecessary medical expenditures. K.S.A. 44-534a at present provides the only practical method by which this issue can be tried and put to rest. The procedure the Board concluded should have been used does not exist. Under the circumstances, we hold that 44-534a is controlling and may be utilized by an employer and its insurance carrier to recover medical benefits paid on behalf of a claimant which have been determined to be unnecessary and unreasonable. The Board's order to the contrary is reversed.

This matter is remanded with direction to try on the merits the question of how much, if any, the Fund is required to reimburse appellants for unnecessary medical benefits paid on behalf of the claimant in this case. K.S.A. 44-534a will control the proceedings on remand.

Reversed and remanded.